(May 8, 1997)

■ CRISTINA NUNEZ et al., Respondents, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Appellants. [657 NYS2d 168] —Order of the Supreme Court, New York County (Louis York, J.), entered July 12, 1996, which, *inter alia*, granted plaintiffs' motion for summary judgment on their first, second and third causes of action and ordered the New York City Department for the Aging to alter its method of calculation of the Senior Citizen Rent Increase Exemption and granted defendants' cross motion for summary judgment dismissing plaintiffs' fourth, fifth, and sixth causes of action, unanimously modified, on the law, to the extent of denying plaintiffs' motion for summary judgment on the first three causes of action, and granting defendants' cross motion for summary judgment dismissing the complaint in its entirety, without costs. The Clerk is directed to enter judgment accordingly.

Pursuant to Real Property Tax Law § 467-b and Administrative Code of the City of New York § 26-509, an eligible New York City rent-stabilized tenant may apply to defendant New York City Department for the Aging ("Department") for a Senior Citizen Rent Increase Exemption, or "SCRIE". To qualify for an exemption, the household head must be at least 62 years old; the annual aggregate disposable income of all household members "for the income tax year immediately preceding the date of making application" must not exceed $20,000; and in cases where applicants are not receiving a monthly shelter allowance pursuant to the Social Services Law, the apartment rent must exceed one-third of the household income (RPTL 467-b [3] [a], [c]; Administrative Code § 26-509 [b] [2]). Pursuant to Administrative Code § 26-509 (b) (2) through (5), upon receipt of a suitable application, the Department shall issue an exemption order, to take effect on the first day of the first month after the application's receipt, which limits the rent which the landlord may receive from the ap-

plicant to the greater of one-third the household's aggregate disposable income or the "rent in effect immediately preceding the eligibility date" (Administrative Code § 26-509 [b] [3] [i] [a]). The landlord receives a property tax credit to offset this loss of rental income. Recipients must reapply for the exemption every two years (RPTL 467-b [4]).

It is the meaning of the phrase "eligibility date" which is the subject of this class action. For more than twenty years, defendant Department for the Aging has held that term to denote the date a qualified applicant applies for a SCRIE order. By this reading, a successful SCRIE applicant may be charged the rent in effect on the date of application, even if that figure includes rent increases which might have been avoided had the applicant applied for the exemption at an earlier time. In contrast, plaintiffs contend that "eligibility date" must refer instead to the earliest date that an applicant met the qualifying criteria of age, income, and rent. By this view, a tenant who qualifies for the exemption may require the landlord to roll back the applicant's rent to a date preceding the application, perhaps by many years. Supreme Court adopted plaintiffs' interpretation of the statute, and ordered defendants, *inter alia*, to alter their method of calculating rental exemptions to conform with plaintiffs' expectations.

This was error. Pursuant to Real Property Tax Law § 467-b (5), a candidate's "[e]ligibility [for the SCRIE program] shall be determined as of a date prescribed by the appropriate rent control agency or administrative agency pursuant to the local [SCRIE] law, ordinance or resolution and such local law, ordinance or resolution may provide for a pro rata refund of taxes paid prior to such eligibility date or a credit therefor against the next succeeding tax periods." In our view, the flexibility accorded localities and administrative agencies by this language defeats plaintiffs' claim that the term "eligibility date" refers unalterably to the time a tenant first met the statutory age, income and rental requirements. Moreover, the statute's direction that income eligibility for the exemption be measured for the year immediately preceding the application date (RPTL 467-b [3] [a]) is greatly at odds with plaintiffs' proposed interpretation, which would permit consideration of income, age and rental criteria from years earlier (*see also*, 9 NYCRR 2202.20 [d] [2] [defining "disposable income" to be reported under the statute as income received "in the last calendar year prior to the filing of the application"]). Since defendants' interpretation is rational and consistent with the statute's language and intent, we see no reason to disturb it

(*New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166).

Leave to appeal to the Court of Appeals denied; reargument granted and this Court's unpublished decision and order entered on February 20, 1997 (appeal No. 59750) is recalled and vacated and a new decision and order substituted therefor, decided simultaneously herewith. Concur—Murphy, P. J., Rosenberger, Ellerin and Wallach, JJ.